F. RIERA HERMANOS *v* DUVIGNEAUD & PAUVERT.

*Pauvert* had invented a method of clarifying sugar, and had associated *Duvigneaud* with him in the enterprise of obtaining a patent for it in their joint names in Cuba, and selling the right of using it to planters in that island.   Their expectation was to receive a remuneration from the planters, in the form of a certain charge upon each box of sugar clarified by the process, of which *Duvigneaud* was to have a per centage.  *Held:*  These social purposes and engagements constituted the parties ordinary and not commercial partners.  C. C. 2796, 2843.  *Held, also:*  That *Duvigneaud* was not bound on a bill drawn by *Pauvert;*  but the money advanced on it having gone to their joint benefit, *Duvigneaud* should be bound for one-half, as an ordinary partner.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *G. Schmidt,* for plaintiffs.   *Le Gardeur* and *Filleul,* for defendants.

SLIDELL, C. J.   That *Duvigneaud* and *Pauvert* were partners, is clearly proved.   We are not satisfied, however, that they were liable as commercial partners, as is charged by the plaintiffs.   The nature of their association was this : *Pauvert* had invented a method of clarifying sugars, and associated *Duvigneaud* with him in the enterprise of obtaining a patent for it in their joint names in Cuba, and selling the right of using it to planters in that island. Their idea was, to receive remuneration from the planters in the form of a certain charge upon each box of sugar clarified by the process, of which *Duvigneaud* was to have a per centage.   These social purposes and arrangements did not bring them within the catigory of commercial partners as defined by our Code, and *Duvigneaud* therefore is not liable *in solido.*   See C. C. 2796, 2843.

It appears that both partners went to Cuba, and were in direct communication with the plaintiffs, who from time to time attended to their affairs and made advances.   On the 14th of June, 1852, *Pauvert* gave the plaintiffs, at Havana, his bill of exchange on a house in New Orleans, at twenty days sight,

for $2,655. This bill was protested for non-acceptance. Its amount, with interest and damages, is claimed from the defendants, and its consideration is stated to have been advances for the partnership of *Duvigneaud & Pauvert*.

We concur with the District Judge in the opinion, that without special authority, *Pauvert* had no right to bind his partner by bill of exchange; but as we have observed, the action is not founded merely on the bill, and we think it satisfactorily proved that the advances in consideration of which it was given, were made for the partnership. Among other evidence tending to this conclusion, are a letter of *Duvigneaud* to the plaintiffs, and a letter of the plaintiffs to *Twibill & Edwards*, which was offered by *Pauvert*, and received without objection by *Duvigneaud*. In the former, dated 9th of June, 1852, *Duvigneaud* uses the following language : Comme vous nous avez considérablement aidé dans cette opération et que vous avez fait des débours qu'il faut que nous vous remboursions, j'espère, messieurs, que vous voudrez bien avoir égard à la position malheureuse dans laquelle je me trouve en ce moment, et m'allouer jusqu'à l'automne pour vous rembourser les dépenses que vous avez faites. In the other letter, which was offered for the purpose of showing that the plaintiffs had retained possession of certain machinery delivered to them by defendants, or one of them, the advances of plaintiffs to *Duvigneaud & Pauvert*, are stated approximatively at $2,800. These letters, taken in connection with the other evidence in the cause, satisfy us that *Duvigneaud* should be held jointly liable for the amount of $2,655. He cannot, however, be held under the evidence, for damages on the protested bill.

*Pauvert* acquiesces in the solidary judgment rendered as to him by the court below.*

The qualification as to the execution of the judgment, appears to us sanctioned by the equitable ruling in *West* v. *McConnell*, 5 La. 428.

It is therefore decreed, that the plaintiffs recover of the defendant, *Louis Duvigneaud*, the sum of $1,327 50, by reason of his indebtedness as a partner of the firm of *Duvigneaud & Pauvert*, and as his verile share, with costs in both courts, the judgment against *Pauvert* remaining undisturbed; the right of execution against *Duvigneaud* being subjected to the same qualification as was imposed by the District Judge as to the execution against *Pauvert*.

*Judgment of District Court.—Pauvert* is liable beyond question. The case is not so clear against *Duvigneaud*. He was undoubtedly a partner of *Pauvert;* but the evidence does not show unequivocally that he was a commercial partner according to the definition of the code. If he was an ordinary partner only, there is no evidence that *Pauvert* had a right to bind the firm by drawing bills of exchange. Story on Partnership. p. 189. Consequently the bill sued on is not evidence of the amount due by the firm ; and there is no other evidence in the cause to supply the defect.

It appears that property of *Pauvert*, or of the partnership, has been " *embargado*" in Cuba, by the plaintiffs, for the security of their claim. From the explanation of their counsel and the dictionary, I understand this word to be equivalent to *sequestrated*. *Pauvert* is consequently entitled to the relief extended to the defendant in the case of *West, Syndic*, v. *McConnell*, 5 L. R. 424. Judgment of nonsuit against plaintiffs in favor of *Duvigneaud*, with costs; and judgment in their favor against *Pauvert*, for $2,655, with legal interest from the 21st of June, 1852, six dollars costs of protest and costs of suit, except those occasioned by making *Duvigneaud* a party. It is further ordered, that no execution shall issue upon this judgment, until the plaintiffs shall file in this court, evidence that the proceedings against defendants or *Pauvert's* property in Cuba, have been legally dismissed, or until they enter as credit on this judgment, the net amount of the proceeds of the property " *embargado*" or sequestrated by them, should their said proceedings be carried on to a sale.

It is adjudged and decreed, that there be a judgment of " nonsuit" against the plaintiffs, in favor of *L. Duvigneaud*, with costs. It is further adjudged and decreed, that the said plaintiffs, *Riera, hermanos*, recover of the defendant *Gaston Pauvert*, the sum of two thousand six hundred and fifty-five dollars, with five per cent interest from the 21st of June, 1852, until paid, six dollars costs of protest and costs of suit, except those occasioned by making *Duvigneaud* a party. It is further ordered, that no execution shall issue upon this judgment, until the plaintiffs shall file in this court, evidence that the proceedings against defendants or *Pauvert's* property in Cuba, have been legally dismissed, or until they enter as credit on this judgment, the net amount of the proceeds of the property " *embargado*" or sequestrated by them, should their said proceedings be carried on to a sale.